IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02441-WYD-CBS

DEPARTMENT OF TRANSPORTATION, STATE OF COLORADO,

Petitioner,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;
SPRINT COMMUNICATIONS COMPANY, LLP;
JACK ARROWSMITH, as Public Trustee of Douglas County, Colorado; and
SHARON JONES, as Treasurer of Douglas County, Colorado,

Respondents.

---

**ORDER**

---

THIS MATTER comes before the Court on Petitioner Colorado Department of Transportation's ["CDOT"] Motion to Remand (docket # 9). This case was originally filed by CDOT on October 31, 2006 as a state court condemnation action seeking to condemn permanent easements for highway improvements. Respondent Union Pacific removed the action from state court through its Notice of Removal filed December 5, 2006.

The Notice of Removal alleges that this Court has jurisdiction over the action under 28 U.S.C. § 1331 as the action is preempted by federal law; specifically, the Interstate Commerce Commission Termination Act ("ICCTA") which grants to the Surface Transportation Board exclusive jurisdiction over essentially all railroad operations. The Notice of Removal also alleges that the right of way which is at issue

in the condemnation proceeding will be used for future railroad operations, including the construction of sidings, additional main lines and potentially for local service between Denver and points south.

DOT asserts in its motion that this case was improperly removed and that the case should thus be remanded to the District Court for the County of Douglas, Colorado. DOT raises two main issues in its motion, each of which it argues independently require that this action be remanded: 1) that Union Pacific failed to remove this action from state court within thirty days after being served as required by 28 U.S.C. § 1446(b); and 2) that this Court does not have jurisdiction since there is no federal preemption under the ICCTA—CDOT's condemnation action does not fall within the exclusive jurisdiction of the Surface Transportation Board since CDOT's planned activities and condemnation will not interfere with the operation of Union Pacific's railroad. Union Pacific opposes the motion to remand, arguing that the Notice of Removal should not be deemed defective and that CDOT's condemnation proceeding does interfere with its railroad operations and is thus preempted by federal law.

Turning to my analysis, I find that CDOT's motion to remand should be granted on the basis that Union Pacific's Notice of Removal was untimely and thus defective. I first note that Union Pacific, as the party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Assoc. of Soil Conservation Dists.*, 841 F. Supp. 350, 352 (D. Colo. 1993). There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).

With that backdrop in mind, I now address the timing of Defendant's removal of the case. A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . whichever period is shorter." 28 U.S.C. § 1446. In this case, it is undisputed that Union Pacific was served with CDOT's condemnation action on November 3, 2006. It is further undisputed that

Union Pacific did not file its Notice of Removal with this Court until December 5, 2006, 32 days after being served. Accordingly, the Notice of Removal was not timely.

Union Pacific argues, however, that the Notice of Removal should be deemed timely as the filing of this condemnation action did not put Union Pacific on notice that the action would involve the federal question of preemption of control over the railroad right-of-way and operations by the Surface Transportation Board under the ICCTA. Instead, Union Pacific asserts that it first learned of this at a meeting between counsel on November 9, 2006, and that its Notice of Removal was filed less than thirty days after this. Accordingly, Union Pacific asserts that the Notice of Removal was timely pursuant to 28 U.S.C. § 1446(b).

As support for this argument, Union Pacific asserts that several times a year, CDOT notifies Union Pacific that it is interested in portions of Union Pacific's right-of-way for highway construction projects. Union Pacific states in the past that the parties

have generally been able to agree on the nature of the acquisitions and the amount of compensation to be paid. If Union Pacific determines that the portion of the right-of-way at issue is not necessary or likely to be necessary for future railroad operations, Union Pacific conveys either title or a permanent easement to CDOT. Where Union Pacific believes that the right-of-way sought by CDOT is necessary or where the actions by CDOT would interfere with railroad operations, the parties have been able to reach an agreement.

Given this history, Union Pacific argues that the filing of this condemnation action did not put Union Pacific on notice that the action would involve the federal question of preemption. Instead, Union Pacific asserts that it was not made aware of this fact until a meeting between counsel on November 9, 2006, wherein Union Pacific was informed for the first time that (1) CDOT had filed a Petition in Condemnation and served the same on Union Pacific's registered agent and (2) that CDOT was insisting on a permanent acquisition of the easements identified in the Petition in Condemnation. In other words, it is argued that taking into consideration the long standing relationship and past dealings between CDOT and Union Pacific, it was reasonable for Union Pacific to rely on those dealings and not consider that a federal question was raised until after CDOT confirmed on November 9, 2006 that it intended to pursue the taking of a permanent right in the easements that would conflict with the railroad's use of the right-of-way.

Turning to my analysis, it is true that where the initial pleading does not permit the defendant to discern the amount in controversy, the removal period begins to run

when defendant receives "a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [was] one which [had] become removable." 28 U.S.C. § 1446(b); *see also Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1078-79 (10th Cir. 1999). More specifically, the removal period does not begin until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Id*. (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). However, I find that this rule is not applicable in this case.

The Petition in Condemnation clearly states that CDOT seeks a permanent acquisition of the easements identified in the Petition in Condemnation. From this Petition, Union Pacific should have been on notice that CDOT intended to pursue the taking of a permanent right in the easements that would conflict with Union Pacific's right-of-way. The statements allegedly made by counsel at the November 9, 2006 meeting merely confirmed what the Petition already alleged. Thus, the time for removal began on the date the Petition was served on Union Pacific, and was untimely as it was filed thirty-two days later.[1]

Union Pacific also that equity and estoppel support its position that it only became clear that the action was removable after the November 9, 2006 meeting, or that I should toll or extend the limitations set forth in § 1446 based on equitable

[1] Further, the conversation between counsel at the meeting on November 9, 2006, does not come within the purview of 28 U.S.C. § 1446(b). First, as stated above, the initial pleading put Union Pacific on notice that the action was removable and § 1446(b) is inapplicable. Second, § 1446(b) only applies where a defendant receives notice that the case is removable through service or otherwise of a *pleading* or other paper. A conversation between counsel would not satisfy the dictates of that statute.

reasons. I reject these arguments. The facts of this case do not constitute the exceptional circumstances needed to either equitably toll Union Pacific's time to remove or estop CDOT from raising the time-limitations defense. Accordingly, the case must be remanded to state court.[2]

Based on the foregoing, it is

ORDERED that Petitioner Colorado Department of Transportation's ["CDOT"] Motion to Remand (docket # 9) is **GRANTED**. The Clerk of Court shall remand this case to the District Court for the County of Douglas, Colorado.

Dated: July 5, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

[2] Since I find that this action was not removed on a timely basis, I need not consider whether CDOT's condemnation proceeding will interfere with Union Pacific's operations.